IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS A. CULVER, | ) | |
| AIS #00171277, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00504-CG-N |
| | ) | |
| WARDEN TONY, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Demetrius A. Culver, an Alabama prisoner proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (12/11/2018 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under 28 U.S.C. § 2241(d),

> [w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the

application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Culver's habeas petition indicates that he is challenging a criminal judgment handed down by the Circuit Court of Henry County, Alabama. At the time Culver filed his petition (i.e. when he delivered it to prison officials for mailing, under the "prison mailbox" rule), he was in custody at the Alabama Department of Corrections's Bibb County Correctional Facility. Bibb County is located within the Northern District of Alabama, *see* 28 U.S.C. § 81(a)(5), and Henry County is located within the Middle District of Alabama, *see id.* § 81(b)(2).

Section 2241(d) is a jurisdictional statute. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985); *Parker v. Singletary*, 974 F.2d 1562, 1581 & n.114 (11th Cir. 1992) (per curiam); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978);[1] *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694–95 (11th Cir. 2013) (per curiam) (unpublished) ("All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254 by persons in state custody, are governed by 28 U.S.C. § 2241…Under § 2241(a), federal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). For a person who is 'in custody under the judgment and sentence of a [s]tate court' and who wishes to file a § 2254 application, § 2241(d) specifies the 'respective jurisdictions' where such

---

[1] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

an application may be filed. Under § 2241(d), a person in custody under the judgment of a state court may file his application for a writ of habeas corpus in the federal district (1) 'within which the [s]tate court was held which convicted and sentenced him'; or (2) 'wherein [he] is in custody.' 28 U.S.C. § 2241(d)…"). Because this Court is neither "the district court for the district wherein [Culver] is in custody[,]" or "the district court for the district within which the State court was held which convicted and sentenced him," this Court does not have jurisdiction under § 2241(d) to entertain his habeas petition,[2] nor can it order transfer under § 2241(d) to a district court that does.

However, under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court [such as this one],…and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action…could have been brought at the time it was filed or noticed, and the action…shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." *See Dobard*, 749 F.2d at 1507 ("If … , in the instant case the district court had decided that jurisdiction under Sec.

---

[2] "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quotations omitted). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

2241(d) was not present in the Northern District, the court could have transferred the case to the Southern District under Sec. 1631."). Upon consideration, the undersigned finds that a transfer of this action under § 1631 to a district court having jurisdiction over the habeas petition is warranted,[3] and that such transfer should be to the District Court for the Middle District of Alabama. As the federal judicial district encompassing the state court where Culver was convicted and sentenced, the Middle District of Alabama is likely to provide more convenience for any witnesses that may be called in the event Culver's petition receives a hearing.

Accordingly, the undersigned **RECOMMENDS** that this § 2254 habeas case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama under 28 U.S.C. § 1631.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

---

[3] In particular, the undersigned finds that a transfer, rather than a dismissal, of the present habeas petition is warranted in order to avoid any additional delay that might prejudice Culver under the 1-year statute of limitations applicable to habeas petitions. *See* 28 U.S.C. § 2244(d)(1).

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of December 2018.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**